OPINION OF THE COURT
Peter C. Patsalos, J.
Motion by defendant Arden Hill Hospital for summary judgment is disposed of as follows: The facts herein are not in dispute. On August 3, 1992, plaintiff went with his two infant *71 sons to Arden Hill Hospital to have blood drawn for the purpose of determining their paternity; blood samples were collected and sent to an outside laboratory for testing. In or about September 1992, the mother of the infants, divorced from plaintiff, called the hospital, identified herself and asked if a fee had been paid for a paternity case for which samples were drawn on August 3rd. The hospital employee informed her that "[y]es, payment has been made”. Thereafter, in or about January 1992, plaintiff commenced the instant lawsuit seeking damages for emotional distress stemming from a purported violation of his privacy through negligent disclosure of information to the infants’ mother. Defendant hospital now moves for summary judgment.
While it is undisputed that no test results were divulged, it cannot be gainsaid that the identity of the patients and the nature of the test they underwent were, if not intentionally divulged, at least unintentionally confirmed, and in this connection, the law has determined that although a medical care provider can reveal that a patient visited him and made certain payments (see, Hughson v St. Francis Hosp., 93 AD2d 491; Zilboorg v Zilboorg, 131 NYS2d 122, affd 283 App Div 942), he may not answer questions that are obviously designed to elicit "the character of the disease or ailment for which the [patient] was being treated” (Larde v Guardian Life Ins. Co., 252 App Div 646, 649).
Nevertheless, even assuming that confidential information was provided, it cannot be doubted, under the laws of the State of New York, that the mother and guardian of the children had a right to full and complete disclosure of any relevant records concerning tests and procedures involving her children (see, Public Health Law § 18). Furthermore, since a paternity test requires drawing blood from the father, as well as the children, it would be impossible to separate the information of the performance of the test on the children from information of test performance on the father (see, Yetman v St. Charles Hosp., 112 AD2d 297). Under these circumstances, any alleged procedural negligence on the part of defendant or its employees cannot result in liability since the recipient of the information received no more than what she was entitled to under the law.
Accordingly, the motion is granted and the complaint dismissed.